UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

PROFEX, INC.,

                    Plaintiff,

        -against-

WESTCHESTER FIRE INSURANCE COMPANY,
KIRLIN BUILDERS, LLC, AND LIBERTY
MUTUAL INSURANCE COMPANY

                    Defendants.
------------------------------------------------------------X

**CORRECTED\* REPORT
AND RECOMMENDATION**

22 Civ. 00015 (NSR)(JCM)

To the Honorable Nelson S. Román, United States District Judge:

      Plaintiff Profex, Inc. ("Profex" or "Plaintiff") commenced this action against Defendants Kirlin Builders, LLC ("Kirlin"), Liberty Mutual Insurance Company ("Liberty Mutual"), and Westchester Fire Insurance Company ("Westchester") (collectively, "Defendants"), asserting claims for (1) breach of contract, (2) quantum meruit, and (3) action on surety bonds. (Docket No. 1). Kirlin filed a counterclaim against Profex to recover cost-to-complete ("Counterclaim"), (Docket No. 18), and a third-party complaint for breach of contract against Profex's surety, Western Surety Company ("Western") ("Third-Party Complaint"), (Docket No. 19). On September 30, 2025, the Honorable Nelson S. Román granted Defendants' motion for summary judgment on Plaintiff's claims and denied Kirlin's motion for partial summary judgment with respect to Kirlin's Counterclaim and Third-Party Complaint. (Docket No. 110).[1] Judge Román

---

\* This Corrected Report and Recommendation ("Corrected R&R") is being issued in order to revise n.2 of the Report and Recommendation, (Docket No. 128), to reflect that Westchester Fire Insurance Company, not Western Surety Company, tendered its defense to Kirlin Builders, LLC. This Corrected R&R supersedes the prior Report and Recommendation.

also referred the matter to the undersigned to determine reasonable attorneys' fees and costs due to Kirlin and the sureties. (*Id.* at 16-17).

Presently before the Court is Defendants' Motion for Attorneys' Fees and Costs ("Motion"), (Docket No. 118), accompanied by supporting declarations and exhibits, (Docket Nos. 118-1, 118-2, 118-3, and 118-4).[2] Plaintiff opposed Defendants' Motion, (Docket No. 123), and Defendants replied, (Docket No. 127). For the reasons set forth herein, the Court respectfully recommends that Defendants' Motion be granted in part and denied in part, and that Defendants' counsel be awarded a total of $652,847.61 in attorneys' fees and costs.

## I. BACKGROUND

On January 3, 2022, Plaintiff commenced this action against Defendants. (Docket No. 1). The parties engaged in extensive discovery and motion practice. (Motion ¶ 4). Discovery commenced in 2022 and concluded in late 2024, and was contentious. (*Id.*). The parties engaged in multiple discovery disputes requiring judicial intervention, and the undersigned held several telephonic hearings to attempt to resolve issues relating to Profex's failure to respond to interrogatories and document requests, (*see, e.g.*, Docket Nos. 42, 43, 49, 50, 51, 52, 88, 89), and Profex's attempt to cancel depositions, (*see, e.g.*, Docket Nos. 78, 79). Due to these ongoing delays, the Court also granted several extensions of discovery deadlines. (*See, e.g.*, Docket Nos. 54, 73, 74, 81, 86, 90).

After discovery concluded, Defendants filed a motion for summary judgment on Plaintiff's claims and, concurrently, Kirlin filed a motion for partial summary judgment against

---

[1] Judge Román closed the case after issuing this decision. However, on October 10, 2025 he issued an Amended Opinion and Order reopening the case and confirming that the Kirlin Counterclaim and Third-Party Complaint remained open. (Docket No. 117).

[2] As Liberty Mutual Insurance Company and Westchester Fire Insurance Company tendered their defense of the Profex, Inc. ("Profex") lawsuit to Kirlin Builders, LLC ("Kirlin"), neither is seeking to recover its own attorneys' fees or costs. (Docket No. 118 at 1 ("Motion")).

Profex and Western on Kirlin's Counterclaim and Third-Party Complaint. (Motion ¶ 5). As discussed, *supra*, on October 10, 2025 Judge Román issued an Amended Opinion and Order granting Defendants' motion for summary judgment in its entirety, and denied Kirlin's motion for partial summary judgment. (Docket No. 117). Judge Román held that Defendants, as the prevailing party on their motion for summary judgment, are entitled to reasonable attorneys' fees and costs under the express terms of the subcontract, between Profex and Kirlin ("Subcontract"), (Docket No. 106-3). (*Id.* at 16-17).[3] Section 15(iv) of the Subcontract provides that "[Kirlin may] recover from Subcontractor all losses, damages, penalties and fines, whether direct or consequential, and all reasonable attorneys' fees suffered or incurred by Kirlin or by reason of or as a result of Subcontractor's default or Kirlin's actions hereunder." (Docket No. 106-3 at 6).

## II. DISCUSSION

Defendants seek reasonable attorneys' fees with respect to their summary judgment motion. "District courts have broad discretion when awarding a fee, but must clearly explain the reasons supporting an award." *Ortega v. JR Primos 2 Rest. Corp.*, 15 Civ. 9183 (JCF), 2017 WL 2634172, at *6 (S.D.N.Y. June 16, 2017). "'Courts ordinarily award a lodestar fee, which is the product of the prevailing market rate for lawyers in the district and the number of hours a reasonable attorney would spend to litigate the case effectively.'" *Id.* (quoting *Tackie v. Keff Enters. LLC*, No. 14-CV-2074 (JPO), 2014 WL 4626229, at *6 (S.D.N.Y. Sept. 16, 2014)). In assessing the reasonableness of attorneys' fees, the court must: "(1) determine the reasonable

---

[3] Under the "American Rule," which is followed in New York, attorneys' fees are generally not recoverable unless authorized by statute, court rule, or agreement of the parties. *See 214 Wall St. Assocs., LLC v. Med. Arts-Huntington Realty*, 99 A.D.3d 988, 990 (2012); *see also A.G. Ship Maint. Corp. v. Lezak*, 69 N.Y.2d 1, 5 (1986). New York courts have emphasized that only a party who has achieved "the central relief sought" is entitled to attorneys' fees. *Graham Ct. Owner's Corp. v. Taylor*, 24 N.Y.3d 742, 752 (2015) (quoting *Nestor v. McDowell*, 81 N.Y.3d 410, 415-416 (1993)). Here, Defendants obtained summary judgment on all Profex's claims. Thus, they are the prevailing party and are entitled to attorneys' fees as expressly provided by Section 15 of the subcontract between Profex and Kirlin ("Subcontract"), *i.e.*, an agreement between the parties. *See 214 Wall St.*, 99 A.D.3d at 990.

hourly rate; (2) determine the number of hours reasonably expended; (3) multiply the reasonable hourly rate by the number of hours reasonably expended to determine the presumptively reasonable fee; and (4) make an appropriate adjustment to arrive at the final fee award." *Creighton v. Dominican Coll.*, No. C09-3983Z, 2011 WL 4914724, at *6 (S.D.N.Y. Aug. 16, 2011).

Defendants seek an award of attorneys' fees in the amount of $654,273.00 for counsel's work representing Kirlin throughout this matter, its successful summary judgment motion, and the Motion at hand. (Motion ¶ 11).[4]  Defendants also seek an award of $16,366.11 for reimbursement of legal costs incurred throughout counsel's representation of Kirlin. (*Id.* ¶ 12).[5] Finally, Defendants seek $4,581.00 for fees and costs associated with the reply submission for the Motion. (Docket No. 127 ¶ 38).  Plaintiff opposed Defendants' Motion, arguing that (i) the amount demanded is unreasonable and higher than customarily awarded in this Circuit and, thus, should be reduced; and (ii) Defendants are barred from recovering additional fees in connection with this Motion. (Docket No. 123 at 2).

A.  Reasonable Hourly Rate

Defendants seek fees for fifteen timekeepers: ten attorneys, one paralegal, and three law clerks at Asmar, Schor & McKenna, PLLC ("ASM"), and one attorney at local counsel Arthur J. Semetis, P.C. ("AJS"). (Docket No. 118-2 ¶ 30 ("Callabresi Decl.")).

With respect to ASM, Defendants seek $643,927.50 in fees, (Docket No. 118-1 ¶ 27 ("Schor Decl."); Callabresi Decl. ¶ 30), for the work of six partners (Laurence Shor, Chuck

---

[4] This amount includes Asmar, Schor & McKenna, PLLC's ("ASM") fees until October 31, 2025 and local counsel Constantine T. Tzifas' of Arthur J. Semetis, P.C. ("AJS") fees to October 29, 2025. (Motion ¶ 11).

[5] This amount includes ASM's costs until October 31, 2025 and AJS' costs to October 29, 2025. (*Id.* ¶ 12).

Asmar, Christopher Taggi, Douglas Callabresi,[6] Thomas Lynch, and Patrick Kernan), four associates, one paralegal, and three law clerks for 1,600.65 hours of work at hourly rates of $450 to $495 for partners, $240 to $340 for associates, $190 to $220 for a paralegal, and $150 to $200 for law clerks, (Callabresi Decl. ¶ 30).  Defendants also seek $10,345.50 in fees for local counsel Arthur J. Semetis, P.C. ("AJS") for 22 hours of work by attorney Constantine T. Tzifas at an hourly rate of $455 to $495. (*Id.*).[7]

"A court evaluating a request for reasonable attorney's fees must base its award on a 'reasonable hourly rate,' *i.e.*, 'the rate a paying client would be willing to pay.'" *Salama v. City of New York*, No. 13-cv-9006 (PKC), 2015 WL 4111873, at *1 (S.D.N.Y. July 8, 2015) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008)).  The court is tasked with "stepping into the shoes" of a client "who wishes to pay the least amount necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 184.  A reasonable hourly rate is one "in line with prevailing rates" in the district where the court sits "for similar services by lawyers of reasonably comparable skill, expertise and reputation." *McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (alterations omitted) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).  In setting a reasonable hourly rate, "a court should consider all of the 'case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of

---

[6] Mr. Callabresi joined ASM as a Partner on June 8, 2023 and became Of Counsel at the firm as of August 1, 2025. (Docket No. 118-2 ¶¶ 6, 10 ("Callabresi Decl.")).

[7] The Court notes that ASM's legal fee calculation summary requests $10,345.50 in fees for Mr. Tzifas for 22 hours of work. (Callabresi Decl. ¶ 30).  However, Mr. Tzifas' declaration states that AJS is entitled to $11,508.75 in attorneys' fees for 23.5 hours of work. (Docket No. 118-4 ¶¶ 5, 15-16).  For purposes of this Report and Recommendation, the Court will evaluate AJS' fees based upon the amounts and hours included in Mr. Callabresi's affidavit, which align with the total amount requested in the Motion: $654,273.00 in fees and $16,366.11 in costs. (Motion ¶¶ 11-12).

attorneys' fees ...' including the so-called *Johnson* factors."[8] *N.Y. Youth Club v. Town of Harrison*, 12-CV-7534 (CS), 2016 WL 3676690, at \*2 (S.D.N.Y. July 6, 2016) (alterations in original) (quoting *Arbor Hill*, 522 F.3d at 190).  In determining what a reasonable client would be willing to pay, the Second Circuit in *Arbor Hill* specifically instructs a court to:

> consider factors including, but not limited to, the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted *pro bono* (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

522 F.3d at 184.

Further, "the 'results obtained' [*Johnson*] factor is the weightiest." *Indep. Project, Inc. v. Ventresca Bros. Constr. Co., Inc.*, 397 F. Supp. 3d 482, 494 (S.D.N.Y 2019) (quoting *Harty v. Par Builders, Inc.*, No. 12-CV-2246 (CS), 2016 WL 616397, at \*2 (S.D.N.Y. Feb. 16, 2016)); *see also Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) ("[T]he most critical factor in a district court's determination of what constitutes reasonable attorney's fees ... is the degree of success obtained by the [prevailing party].") (internal quotations and citations omitted); *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 789 (1989)

---

[8] The *Johnson* factors, as set forth by the Fifth Circuit, are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 186 n.3 (2d Cir. 2008) (internal quotations omitted).

("[T]he degree of the [prevailing party's] success in relation to the lawsuit's overall goals is a factor critical to the determination of the size of a reasonable fee.") (italics omitted).

First, Defendants assert that senior partner Laurence Schor should be compensated at a rate of $495, which represents a discount from his regular hourly rate of $645. (Schor Decl. ¶ 19).  Defendants submit that this rate is reasonable when compared to rates charged by New York firms and partners who do similar work in construction and contracting litigation. (*Id.* ¶¶ 19-22)[9]; *see also Greyhawk Hawthorne Lender, LLC v. Vella*, 25-cv-2709 (LJL), 2025 WL 2172228, at *2 (S.D.N.Y. July 31, 2025) (finding an hourly rate of $800 reasonable for two partners given their significant commercial litigation experience and "continuing increases in partner billing rates"); *(RC) 2 Pharma Connect, LLC v. Mission Pharmacal Co.*, 21-cv-11096 (LJL), 2023 WL 112552, at *4 (S.D.N.Y. Jan. 4, 2023) (awarding partners with "significant experience in complex general business litigation" between $500 to $550 per hour); *H.B. Auto. Grp., Inc. v. Kia Motors Am.*, 13cv4441 (VEC)(DF), 2018 WL 4017698, at *6 (S.D.N.Y. July 25, 2018), *report and recommendation adopted*, 2018 WL 4007636 (S.D.N.Y. Aug. 22, 2018) (collecting cases to show that experienced partners at national law firms handling complex civil litigation are typically awarded rates between $500 to $700); *Zero Carbon Holdings, LLC v. Aspiration Partners, Inc.*, 23-cv-5262 (LJL), 2024 WL 3409278, at *6 (S.D.N.Y. July 15, 2024) (same); *U.S. Bank Nat'l Ass'n v. Dexia Real Est. Cap. Mkts.*, 12 Civ. 9412 (PAE), 2016 WL 6996176, at *8 (S.D.N.Y. Nov. 30, 2016) (finding that "partner billing rates in excess of $1,000 an hour[] are ... not uncommon in the context of complex commercial litigation.") (internal quotations and citations omitted).

---

[9] Defendants cite three examples of current hourly rates charged by attorneys at firms doing comparable construction and contracting litigation work: (1) Peckar & Abramson, P.C. charges between $625 to $950 for senior partners and between $525 to $725 for partners; (2) Cokinos | Young, PC charges between $359 to $735 for senior partners; and (3) Fox Rothschild LLP charges between $850 to $1,200 for partners. (Docket No. 118-1 ¶¶ 20-22).

Mr. Schor has practiced law for more than 55 years with an emphasis in construction and government contracts. (Schor Decl. ¶¶ 5, 15).  He has extensive experience litigating in the federal court system, is a founding member of the American College of Construction Lawyers, and has been named as one of the top construction lawyers in the Washington, DC area. (*Id.* ¶¶ 8, 12-13).  Mr. Schor has also authored numerous articles, book chapters, and course manuals relating to government contracts and construction topics. (*Id.* ¶ 17).  Given Mr. Schor's experience, the rates charged by his peers, as well as the discounted hourly rate he charged throughout the course of his representation of Kirlin, the Court finds that $495 is a reasonable hourly rate.  For the same reasons, the Court finds that the $495 hourly rate requested by Chuck Asmar, the managing senior partner at ASM who billed 22.3 hours of work on this matter, (*see* Callabresi Decl. ¶ 30; Docket No. 127-1 ¶ 6 ("Callabresi Reply Decl.")), is also reasonable.[10] Accordingly, the Court recommends that Mr. Schor and Mr. Asmar, senior partners at ASM, each be awarded an hourly rate of $495.

Second, Defendants request that Of Counsel (formerly Partner) Douglas Callabresi be compensated at a rate between $450 to $465. (Callabresi Decl. ¶¶ 6, 14).  Mr. Callabresi avers that most of his time on this matter was billed to Kirlin at the lower rate of $450 per hour, and that this rate is reasonable when compared to rates charged by New York firms and partners who do similar work in construction and real estate litigation. (*Id.* ¶ 14).  Mr. Callabresi has been

---

[10] Plaintiff argues that Defendants' fee application should be denied because Defendants did not provide adequate biographies for some of its attorneys. (Docket No. 123 at 10).  Where a prevailing party fails to provide biographical information on an attorney for whom fees are sought, courts have discretion to lower the requested rate for purposes of the lodestar calculation and award fees at the lower end of the prevailing range. *See, e.g.*, *Prot. One Alarm Monitoring, Inc. v. Exec. Prot. One Sec. Serv., LLC*, 553 F. Supp. 2d 201, 209 (E.D.N.Y. 2008) ("Where the moving party fails to provide information on the attorneys' and paralegals' backgrounds and experience, courts have used their discretion to award fees at a rate lower than requested.").  Although Defendants did not provide information regarding Mr. Asmar's (and several other attorneys') litigation experience or professional backgrounds in the first instance, they supplemented their Motion with additional biographical information in their reply. (*See* Docket No. 127 ¶ 10; Docket No. 127-1 ¶¶ 6-27 ("Callabresi Reply Decl.")).  Since Defendants have now provided this missing information, Plaintiff's objection is moot.

practicing law for more than 25 years and has extensive experience pertaining to all phases of litigation, business, construction, and real estate law. (*Id.* ¶¶ 6, 11).  He participated in most of the litigation and discovery in this matter after taking over for Christoper Taggi, another partner at ASM. (*Id.* ¶ 19).  Given Mr. Callabresi's experience, the rates charged by his peers, as well as the lower hourly rate he charged most of the time he represented Kirlin, the Court finds that the range of $450 to $465 is a reasonable hourly rate.  For the same reasons, the Court finds that the $450 hourly rate requested by Mr. Taggi, the other partner who billed a significant amount of time on this case (91 hours), (*id.* ¶ 30), is also reasonable.  Accordingly, the Court recommends that Mr. Callabresi be awarded his requested hourly rate of $450 to $465, and that Mr. Taggi be awarded an hourly rate of $450.

Third, Defendants seek fees at an hourly rate of $475 to $500 for Thomas Lynch[11] and $450 for Patrick Kernan, two additional ASM partners who each worked a few hours on this matter. (*Id.*).  The Court finds that the $450 rate for Mr. Kernan is reasonable given his experience, (Callabresi Reply Decl. ¶¶ 12-13), and that it aligns with the fees requested by Mr. Callabresi and Mr. Taggi, the other non-senior partners at ASM who worked on this matter. Accordingly, the Court recommends that Mr. Kernan also be awarded an hourly rate of $450.

However, given Mr. Lynch's experience, (*id.* ¶¶ 10-11), the hourly rates charged by comparable construction and contracting attorneys, (*see* Schor Decl. ¶¶ 20-22), and the fees requested by other partners at ASM, the Court finds that Mr. Lynch's rate should not be higher than $450 per hour.  This hourly rate is line with rates awarded to the non-senior ASM partners

---

[11] The Court reviewed the billing records in this case, and notes that Mr. Lynch billed at a rate of $475 for all but one of his entries, where his fee was $500. (Callabresi Decl. at 74, 82, 89, 94, 102, 114, 119, 142, 180).

who billed the most time on this matter. Consequently, the Court recommends that Mr. Lynch's hourly rate be reduced to $450.[12]

Fourth, Defendants seek fees at hourly rates ranging from $240 to $340 for four timekeepers labeled as associates: John J. McKenna, Wenxuan Ni, Jake Mitchell, and Walter Fitzhugh. (Callabresi Decl. ¶ 30). Defendants submit these rates are reasonable and "below the industry standard that would be charged by other attorneys of a similar caliber within the district." (Motion ¶ 22); *see also Greyhawk*, 2025 WL 2172228, at *3 (rejecting $605 hourly rate for junior associates admitted to practice in 2024 and finding $300 per hour reasonable); *(RC) 2 Pharma*, 2023 WL 112552, at *4 (rejecting $320 to $355 hourly rate for associate with three to four years of experience and finding $250 per hour reasonable); *Zero Carbon*, 2024 WL 3409278, at *6 (finding hourly rates between $300 to $585 reasonable for associates); *Rubenstein v. Advanced Equities, Inc.*, No. 13 Civ. 15022 (PGG), 2015 WL 585561, at *6-*7 (S.D.N.Y. Feb. 10, 2015) (finding "blended" $350 hourly rate for associates with up to nine years of experience reasonable).

Of the four associates, Mr. McKenna spent the most time working on this matter, 224.9 hours. (Callabresi Decl. ¶ 30). He currently charges an hourly rate of $340, and throughout the course of his representation of Kirlin charged an hourly rate between $240 to $340. (Docket No. 118-3 ¶¶ 17-18). Mr. McKenna has been practicing law for nearly ten years, including a two-year clerkship for the Honorable Joseph A. Dugan, Jr. after graduating law school. (*Id.* ¶¶ 5, 8). His practice focuses on work pertaining to private and public construction projects, and he has experience in insurance defense litigation, representing commercial and residential landlords, developers, general contractors, subcontractors, and homeowners in state and federal courts. (*Id.*

---

[12] With this reduction, Mr. Lynch's total fees would be reduced from $1,825.00 to $1,710.00 ($450/hour x 3.8 hours).

¶¶ 12-16). Given Mr. McKenna's years of experience and that his highest requested fee of $340 is comparable to the hourly rates awarded to associate attorneys in this district with even less experience, the Court finds his requested $240 to $340 rate reasonable. *See, e.g., Greyhawk*, 2025 WL 2172228, at *3 (finding $300 per hour reasonable for junior associates with one year of experience); *(RC) 2 Pharma*, 2023 WL 112552, at *4 (finding $250 per hour reasonable for associate with three to four years of experience); *Zero Carbon*, 2024 WL 3409278, at *6 (finding $300 to $585 per hour reasonable for associates); *Rubenstein*, 2015 WL 585561, at *6-*7 (finding $350 per hour reasonable for associates with one to nine years of experience). Accordingly, the Court recommends that Mr. McKenna be compensated at the hourly rates (between $240 to $340) that he charged throughout this case.

With respect to the other three associates, Ms. Ni, Mr. Mitchell, and Mr. Fitzhugh, Defendants seek hourly rates of $310 to $320, $265, and $250, respectively. (Callabresi Decl. ¶ 30). Ms. Ni graduated from The George Washington University Law School in 2022, served as a judicial law clerk for the Honorable John M. Maloney in the Circuit Court for Montgomery County, and has experience in civil litigation representing clients in real estate and commercial disputes. (Callabresi Reply Decl. ¶ 14). Mr. Mitchell graduated from New York Law School in 2021 and has experience representing clients in federal bid protest matters before the Government Accountability Office and the United States Court of Federal Claims; he also advises clients on compliance with public procurement requirements. (*Id.* ¶ 18). Mr. Fitzhugh graduated from The George Washington University Law School in 2023 and has experience practicing construction law, including representing owners, contractors, and subcontractors in a wide variety of construction claims and disputes. (*Id.* ¶ 16). Ms. Ni, Mr. Mitchell, and Mr. Fitzhugh spent 31.5, 8.4, and 13.5 hours, respectively, on the case. (Callabresi Decl. ¶ 30). Fees

- 11 -

ranging from $250 to $320 generally align with the hourly rates awarded to other associate attorneys with similar years of experience in this district. *See, e.g., Greyhawk*, 2025 WL 2172228, at *3 (awarding $300 per hour for junior associates with one year of experience); *(RC) 2 Pharma*, 2023 WL 112552, at *4 (awarding $250 per hour for associate with three to four years of experience); *Zero Carbon*, 2024 WL 3409278, at *6 (awarding $300 to $585 per hour for associates); *Rubenstein*, 2015 WL 585561, at *6-*7 (awarding $350 per hour for associates with one to nine years of experience). Accordingly, the Court recommends that Ms. Ni, Mr. Mitchell,[13] and Mr. Fitzhugh, who have between two to four years of experience, be awarded their respective hourly rates of $310 to $320, $265, and $250.

Fifth, Defendants request an hourly rate of $190 to $220 for paralegal Darryl Taylor. (Callabresi Decl. ¶ 30). Courts in this district have found hourly rates between $100 and $200 reasonable for paralegals. *See 1979 Family Trust Licensor, LLC v. Darji*, 19-CV-4389 (VEC), 2020 WL 9596279, at *1 (S.D.N.Y. Sept. 30, 2020) (reducing paralegals' hourly rate to $175 while noting that Courts in this district typically approve paralegal hourly rates between $150 and $200); *see also Dimopoulou v. First Unum Life Ins. Co.*, 1:13-cv-7159 (ALC), 2017 WL 464430, at *3 (S.D.N.Y. Feb. 3, 2017) ("With regard to paralegals and non-attorney personnel, this district typically awards rates not to exceed $200 per hour."); *Genger v. Genger*, No. 14-cv-5683 (KBF), 2015 WL 1011718, at *2 (S.D.N.Y. Mar. 9, 2015) ("New York district courts have also recently approved rates for ... law firm paralegals in amounts of approximately $200 per hour[.]"); *TufAmerica Inc., v. Diamond*, 12-CV-3529 (AJN), 2016 WL 1029553, at *6 (S.D.N.Y. Mar. 9, 2016) ("Recent cases in this district suggest that the prevailing rate for paralegals is

---

[13] The Court notes that Defendants' fee calculations table seeks $23,426.00 in fees for Mr. Mitchell. (Callabresi Decl. ¶ 30). However, based on his hours billed (8.4) at the requested rate of $265 per hour, the Court concludes that Mr. Mitchell should be awarded $2,226.00. (*Id.*). The revised amount is reflected in the Court's recommendation for total attorneys' fees.

between $100 and $200 per hour."); *Capitol Records, Inc., v. MP3tunes, LLC*, 07cv9931, 2015 WL 7271565, at *4 (S.D.N.Y. Nov. 12, 2015) (finding $200 hourly rate for non-attorney personnel "the high end of rates typically approved in this District."); *Broad. Music, Inc. v. Pamdh Enters. Inc.*, No. 13-CV-2255 (KMW), 2014 WL 2781846, at *6-*7 (S.D.N.Y. June 19, 2014) (approving hourly rates of $200 and $160 for paralegals with thirteen and two years of experience, respectively); *Vaigasi v. Solow Mgmt. Corp.*, 11 Civ. 5088 (RMB)(HBP), 2017 WL 3868990, at *4 (S.D.N.Y. Sept. 5, 2017) (finding $125 a reasonable rate for paralegals); *(RC) 2 Pharma*, 2023 WL 112552, at *4 (reducing paralegals' $235 hourly rates to $100, which is "consistent with rates approved in this District"); *C.D. v. Minisink Valley Cent. Sch. Dist.*, No. 17 Civ. 7632 (PAE), 2018 WL 3769972, at *7 (S.D.N.Y. Aug. 9, 2018) (finding $125 a reasonable rate for paralegals with bachelor's degrees and more than a decade of experience); *E.F. ex rel. N.R. v. N.Y.C. Dep't of Educ.*, No. 11 Civ. 5243 (GBD)(FM), 2014 WL 1092847, at *4 (S.D.N.Y. Mar. 17, 2014) (finding $150 a reasonable hourly rate for a senior paralegal and $125 per hour reasonable for the other paralegals); *Hollander Glass Tex., Inc. v. Rosen-Paramount Glass Co., Inc.*, 291 F. Supp. 3d 554, 562 (S.D.N.Y. 2018) (awarding $75 hourly rate to paralegal with seven years of experience).

Mr. Taylor has served as a paralegal at ASM for nearly two decades. (Callabresi Reply Decl. ¶ 20). He graduated from the Thomas Adams Duckenfield Legal Assistance Program and his work focuses on construction-related matters, including "mechanic's lien preparation and filing, construction contract drafting, ... legal research in construction, government contracts, and corporate law, and litigation support from pretrial through post-trial close-out." (*Id.*). While he is certainly a seasoned professional, the higher end of his requested fee range ($220) is greater than the prevailing rates for paralegals in this district. *See e.g.*, *1979 Family Trust*, 2020 WL 9596279,

at *1.  Accordingly, given Mr. Taylor's experience, (Callabresi Reply Decl. ¶ 20), and that courts in this district have approved paralegal hourly rates between $150 and $200, *see 1979 Family Trust*, 2020 WL 9596279, at *1, the Court recommends that Mr. Taylor be awarded a fee of $190 per hour, the lower end of the requested range, for all his time spent on this matter.[14]

Sixth, Defendants request hourly rates ranging from $150 to $200 for three law clerks, Brian Zilberberg, Nicholas Barker, and Natalie de Benedetti. (Callabresi Decl. ¶ 30).  Courts in this district have awarded hourly rates between $100 and $200 for non-attorneys, and, as discussed, *supra*, a $200 hourly rate for such personnel is at "the high end of rates typically approved." *Capitol Records*, 2015 WL 7271565, at *4; *see also Dimopoulou*, 2017 WL 464430, at *3; *Magalios v. Peralta*, No. 19-CV-6188 (CS), 2024 WL 1856303, at *6 (S.D.N.Y. Apr. 26, 2024) ("Non-lawyers are typically awarded rates below $200."); *Barzilay v. City of N.Y.*, 1:20-cv-04452 (SDA), 2023 WL 2917304, at *3-*4 (S.D.N.Y. Apr. 12, 2023) (finding $125 a reasonable hourly rate for law students; also citing recent cases in this district approving rates from $100 to $175 for law clerks); *Torres v. City of New York*, 18-CV-03644 (LGS)(KHP), 2020 WL 6561599, at *5 (S.D.N.Y. June 3, 2020) ("Rates for non-lawyers, *i.e.* ... recent law graduates who have not been admitted to the bar (often referred to as Law Clerks), are less still – below $200 per hour."); *Minott v. Google LLC*, 24-CV-01674 (MMG), 2024 WL 3518525, at *7 (S.D.N.Y. July 24, 2024) (awarding $150 an hour for work performed when attorney was a law clerk not yet admitted to practice).

Defendants request a $150 hourly rate for both Mr. Barker and Ms. de Benedetti. (Callabresi Decl. ¶ 30).  This rate aligns with fees awarded to law clerks in this district. *See, e.g.*, *Barzilay*, 2023 WL 2917304, at *3; *Minott*, 2024 WL 3518525, at *7.  Accordingly, the Court

---

[14] With this reduction, Mr. Taylor's total fees would be reduced from $15,022.00 to $14,478.00 ($190/hour x 76.2 hours).

recommends Mr. Barker and Ms. de Benedetti be awarded their requested rate of $150 per hour. However, as Mr. Zilberberg was also a law clerk during the time he worked on this matter, the Court recommends reducing his requested fee from $200 to $150, given that $200 is at "the high end of rates typically approved" for law clerks. *Capitol Records*, 2015 WL 7271565, at *4. Further, the Court sees no reason for Mr. Zilberberg's rate to be more than the fees awarded to his fellow law clerks.[15] Therefore, the Court recommends awarding an hourly rate of $150 for each law clerk.

Seventh, Defendants assert that Defendants' local counsel, Constantine T. Tzifas, should be compensated at a rate between $455 to $495 per hour. (Callabresi Decl. ¶ 30; Docket No. 118-4 ¶ 14 ("Tzifas Decl.")). Mr. Tzifas' current hourly rate is $495, but throughout the course of his representation of Kirlin he billed Defendants at a discounted rate between $455 to $485 per hour. (Tzifas Decl. ¶¶ 13-14).[16] Mr. Tzifas has practiced law for more than 27 years and has extensive experience litigating in the New York federal court system, including in matters involving construction disputes. (*Id.* ¶¶ 6, 9-10). His practice at AJS, where he has been an attorney since 1999, focuses on work pertaining to construction and government contracts. (*Id.* ¶¶ 11-12). As discussed, *supra*, even the high-end of Mr. Tzifas' requested hourly rate, $495, is within the limit of fees that have been deemed reasonable for senior attorneys in this district. *See, e.g.*, *Greyhawk*, 2025 WL 2172228, at *2 (finding $800 hourly rate reasonable for partners); *(RC) 2 Pharma*, 2023 WL 112552, at *4 (awarding partners between $500 to $550 per hour); *H.B.*

---

[15] With this reduction, the Court recommends that Mr. Zilberberg's total fees be reduced from $1,580.00 to $1,185.00 ($150/hour x 7.9 hours).

[16] The Court reviewed the billing records in this case, and notes that Mr. Tzifas billed at a rate of $455 per hour for eight entries, (Callabresi Decl. at 183-84, 187, 190-92, 195-96); $475 per hour for eight entries, (*id.* at 198, 200, 202, 205, 208, 212, 221-22); $485 for seven entries (*id.* at 223-24, 226-27, 229, 232-33); and $495 per hour for just one entry, (*id.* at 238).

*Auto.*, 2018 WL 4017698, at \*6, *report and recommendation adopted*, 2018 WL 4007636 (collecting cases to show that experienced partners are typically awarded rates between $500 to $700); *Zero Carbon*, 2024 WL 3409278, at \*6 (same).  Given Mr. Tzifas' experience, the rates awarded to his peers, and the discounted hourly rate he charged throughout most of his representation, the Court finds that the range of $455 to $495 is a reasonable fee.  Accordingly, the Court recommends that Mr. Tzifas be awarded his requested hourly rate of $455 to $495.

Finally, there are additional reasons that support counsel's proposed fees.  First, Defendants have already paid all invoices charged to them, (Callabresi Decl. ¶ 31)[17], indicating they are "willing to pay" for the rates charged by ASM and AJS. *Arbor Hill*, 522 F.3d at 190; *see also Vista Outdoor Inc. v. Reeves Family Trust*, 16 Civ. 5766, 2018 WL 3104631, at \*6 (S.D.N.Y. May 24, 2018) (finding attorney's rates reasonable when they were similar to those regularly charged to and paid by the firm's clients).  Second, considering the weight that Courts in this Circuit give to "results obtained" in assessing the reasonableness of a party's proposed hourly rates, the Court notes that Defendants achieved a high "degree of success" on their motion for summary judgment, which Judge Román granted in its entirety. *Indep. Project*, 397 F. Supp. 3d at 494.  Thus, the Court agrees with Defendants that the "rate and amount of fees awarded should reflect the total success achieved." (Motion ¶ 19); *see also Indep. Project*, 397 F. Supp. 3d at 494; *Tex. State*, 489 U.S. at 789.

Accordingly, the Court recommends finding that Defendants requested hourly rates are reasonable, subject to the minor adjustments discussed herein.

---

[17] To date, Defendants have paid a total of $670,639.11 to ASM and AJS for attorneys' fees and costs. (Callabresi Decl. ¶ 31; Callabresi Reply Decl. ¶ 5).

## B. Reasonable Hours Expended

"The party seeking attorneys' fees bears the burden of demonstrating that the claimed ... number of hours [is] reasonable," and the "amount of time expended" is "adequately supported by contemporaneous time records that specify relevant dates, time spent, and work done." *Creighton*, 2011 WL 4914724, at *6 (internal quotations and citations omitted). "Adjustments must be made to the number of hours expended based on case-specific factors, including deductions for 'excessive, redundant, or otherwise unnecessary hours.'" *Id.* (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999)).

Here, Defendants' counsel submitted contemporaneous time records, (Docket Nos. 118-2 at 12-261; 118-4 at 4-62), seeking payment for approximately 1,622.65 hours worked (not including hours related to their reply), (Callabresi Decl. ¶¶ 29-30). Mr. Callabresi represented to the Court that he reviewed in detail all legal bills submitted to and paid by Kirlin, in order to separate attorneys' fees and costs relating to Defendants' successful summary judgment motion from those that are not reimbursable because they pertain only to Kirlin's Counterclaim and the Third-Party Complaint. (*Id.* ¶ 20).

Plaintiff asserts that Defendants' fees should be reduced due to a failure to provide adequate biographies,[18] block billing, improper redaction and vague task entries, and overstaffing and duplicative work. (Docket No. 123 at 2). Plaintiff also alleges that Defendants seek fees for hours expended outside the scope of what is recoverable for work on their summary judgment motion. (*Id.*). Finally, Plaintiff argues that Defendants should not be awarded for hours spent on

---

[18] Defendants supplemented their Motion with additional biographical information in their reply. (*See* Docket No. 127 ¶ 10; Callabresi Reply Decl. ¶¶ 6-27). Therefore, this argument is moot. *See supra*, Section II.A, n.10.

the Motion, or, in the alternative, that the amount awarded in connection with the Motion should be reduced. (*Id.* at 16-19).

The Court is mindful that this matter was zealously litigated, requiring the investment of a substantial amount of time and resources from both sides. The parties participated in extensive discovery, litigated numerous discovery disputes, and engaged in both dispositive and pretrial motion practice. The case involved the production of approximately 13,500 documents and Defendants reviewed 191 proposed change orders ("PCOs") submitted by Profex, many of which were not submitted in writing, were not submitted in chronological order, and were not completed properly. (Motion ¶¶ 29-30). This led to Defendants' attorneys having to spend substantial time and fees looking for documents, witnesses, or other facts to support or contradict each PCO. (*Id.* ¶ 31). Further, many of the discovery disputes required multiple attempts by Defense counsel to meet-and-confer, as well as subsequent correspondence and status conferences with the Court. (*Id.* ¶ 33; *see also* Docket Nos. 42, 43, 49, 50, 51, 52, 88, 89). The Court agrees with Defendants that Plaintiff's repeated deficient document productions, and Plaintiff and Western's deficient responses to written discovery, resulted in Defendants incurring "more legal fees than it should have in this action." (Motion ¶ 36). Nevertheless, the hours expended were reasonable, as they were incurred largely because of Plaintiff's failure to initially provide the fundamental information underlying the factual basis for its claims. (*See id.* ¶ 32).

Plaintiff argues that Defendants' fees should be reduced due to block billing, improper redactions, vague task entries, overstaffing, and duplicative work. (Docket No. 123 at 2). The Court disagrees. First, while some of Defendants' entries were block-billed, Mr. Callabresi categorized every billing entry into five different categories which are each highlighted in a different color in the exhibits attached to his declaration. (Callabresi Decl. ¶¶ 21-26). Further, he

"analyzed and evaluated every line in the legal bills provided to and paid by Kirlin," and "made a reasonable assessment of the categories for which every billing entry pertains." (*Id.* ¶ 27). The color-coding and detailed review of invoices indicates that while some entries are block-billed, counsel made a conscious effort to distinguish between reimbursable fees relating to Defendants' motion for summary judgement and non-reimbursable fees relating to Kirlin's Counterclaim and Third-Party Complaint.

Second, the Court reviewed the bills submitted and though there are redactions of attorney-client privileged and attorney work-product entries, the entries are generally detailed, specifying "relevant dates, time spent, and work done." *Creighton*, 2011 WL 4914724, at *6. Finally, the Court does not find that Defendants engaged in overstaffing and duplicative work. Although fifteen timekeepers seek fees in this matter, it was not excessively staffed. *See New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983) (trial courts have ample discretion in assessing whether the extent of staffing was appropriate). Of the fifteen timekeepers, only three billed more than 100 hours on the matter; Mr. Callabresi alone worked 907.55 hours and there was clearly one lead associate assigned to the case, Mr. McKenna, who billed 224.9 hours. (Callabresi Decl. ¶ 30). Based on a careful review of the billing records, there do not appear to be many examples of consistent overstaffing which would warrant a reduction in fees awarded. *See Pope v. Cnty. of Albany*, No. 1:11-cv-0736 (LEK/CFH), 2015 WL 5510944, at *13 (N.D.N.Y. Sept. 16, 2015). Additionally, "[g]iven the complexity of the factual and legal issues confronting [Defendants] in this case ..., it was not unreasonable for [them] to utilize more than one attorney to prepare and present their case." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. Of Albany*, 2005 WL 670307, at *9 (N.D.N.Y. Mar. 22, 2005). Last, Kirlin has already paid all invoices charged to it, (Callabresi Decl. ¶ 31; Callabresi

Reply Decl. ¶ 5), indicating Defendants are "willing to pay" for the hours expended and the staffing practices employed by ASM and AJS. *Arbor Hill*, 522 F.3d at 190.  Thus, the Court finds the amount of time expended by Defendants' counsel is adequately supported.

Next, Plaintiff alleges that Defendants seek fees for hours billed outside the scope of what is recoverable for work on their summary judgment motion.  Specifically, Plaintiff argues that even though Defendants claim hours and expenses related to the Counterclaim and Third-Party Complaint are not included in their fee application, Defendants' practice of block billing "ensure[s] that the entries are inextricably intertwined." (Docket No. 123 at 11).  As discussed above, the Court accepts Mr. Callabresi's representation that he reviewed all legal bills in detail "to separate those charges which are reimbursable as pertaining to the granting of summary judgment on Profex's Complaint from those that are not reimbursable because they pertain only to Kirlin's Counterclaim against Profex and the Third-Party Complaint against Profex's sureties (or include charged off time in the invoices)." (Callabresi Decl. ¶ 20).  Upon review of the record, the Court finds that the number of hours billed is reasonable, particularly given the complexity and extensive discovery in this matter.  Accordingly, the Court recommends finding that the proposed hours expended, 1,622.25, are reasonable.

Finally, Plaintiff argues that Defendants should not be awarded for hours spent on the Motion, or, in the alternative, that the amount awarded in connection with the Motion should be reduced. (Docket No. 123 at 16-19).  Defendants' initial fees and costs for the Motion are included in the request for $654,273.00 in attorneys' fees. (Motion ¶ 11; Callabresi Decl. ¶¶ 5, 30).  Defendants additionally seek $4,581.00 in fees and costs relating to their reply submission.

(Docket No. 127 ¶ 38).[19]  Plaintiff submits that Judge Román's Opinion and Order, (Docket No. 110), and Section 3 of the Subcontract[20] "disallow the recovery of any fees incurred after the Order ... or time billed that was not in furtherance of Defendants' motion for summary judgment." (Docket No. 123 at 17).  Defendants counter that "[w]here a contract provides that the 'prevailing party' is entitled to its legal fees and costs, that prevailing party is entitled to recover 'whatever amounts have been expended by the prevailing party, so long as those amounts are not unreasonable.'" (Docket No. 127 ¶ 21) (quoting *F.H. Krear & Co. v. Nineteen Named Trs.*, 810 F.2d 1250, 1263 (2d Cir. 1987)).[21]  Defendants also argue that in this district, "the law is clear," *LV v. N.Y.C. Dept. of Educ.*, 700 F. Supp. 2d 510, 526-27 (S.D.N.Y. 2010), that the prevailing party is "entitled to recover for its fees and costs submission." (Docket No. 127 ¶ 22); *see also Colbert v. Furumoto Realty, Inc.*, 144 F. Supp. 2d 251, 262 (S.D.N.Y. 2001) ("A prevailing party is entitled to reimbursement for the time expended in the preparation of the fee application.").  Under New York Law, "'fees on fees' – or fees for efforts expended in connection with collecting attorney fees – are not recoverable absent a specific contractual provision that 'explicitly provide[s] for such fees.'" *KLS Diversified Master Fund, L.P. v. McDevitt*, 532 F. Supp. 3d 126, 141 (S.D.N.Y. 2021) (quoting *Novick v. AXA Network, LLC*, 714 F. App'x 22, 26 (2d Cir. 2017)) (alteration in original).

---

[19] This amount includes 8.2 hours for Mr. Callabresi at a rate of $450 per hour and 1.8 hours for Mr. Schor at a rate of $495 per hour. (Callabresi Reply Decl. ¶ 38).

[20] Section 3 of the Subcontract provides that the prevailing party shall be reimbursed "for all costs (including reasonable attorneys' fees) incurred by the prevailing party in enforcing or securing performance of any of the provisions of this subcontract including this paragraph." (Docket No. 106-3 at 1).

[21] *See also Diamond D Enters. USA, Inc. v. Steinsvaag*, 979 F.2d 14, 19 (2d Cir. 1992); *Wells Fargo Bank N.W., N.A. v. Taca Int'l Airlines, S.A.*, 315 F. Supp. 2d 347, 353 (S.D.N.Y. 2003); *KLS Diversified Master Fund, L.P. v. McDevitt*, 532 F. Supp 3d. 126, 139-40 (S.D.N.Y. 2021).

Here, Defendants, as the prevailing party, are entitled to recover reasonable fees relating to both their summary judgment motion and the Motion at hand. In *KLS*, the Court declined to include "fees on fees" in its judgment because the engagement letter between the parties did not "contemplate the payment of fees in connection with the collection of attorney's fees," *KLS*, 532 F. Supp. 3d at 141; *see also Paclik v. CIY Foods, Inc.*, 4:23-CV-04131-KES, 2024 WL 3567412 (D.S.D. July 29, 2024) (finding that "the plain language of the parties' contract [did] not encompass fees-for-fees" because the contract stated that the "borrower promises to pay all costs of collection," *i.e.*, "costs of collecting payment for the loan"; thus, "[t]ime spent calculating and litigating the attorney's fees in relation to the breach of contract [was] *not* a cost of collection.") (internal quotations omitted). In contrast, the language in Section 15(iv) of the Subcontract – "[Kirlin may] recover from Subcontractor ... all reasonable attorneys' fees suffered or incurred by Kirlin or by reason of or as a result of Subcontractor's default," (Docket No. 106-3 at 6) – is "broad enough" to encompass such fees. *Waverly at Las Olas Condo. Ass'n, Inc. v. Waverly Las Olas, LLC*, 88 So.3d 386, 389 (Fla. Dist. Ct. App. 2012) ("[T]he contractual provision here authorizes attorney's fees for 'any litigation' between the parties under the agreement. This language is broad enough to encompass fees incurred in litigating the amount of fees.").

Further, Judge Román granted Defendants' application for reasonable attorneys' fees in accordance with Section 15 of the Subcontract – not Section 3 – which contains "an express term for attorneys' fees." (Docket No. 110 at 16). Specifically, Defendants can recover "all reasonable attorneys' fees suffered or incurred ... by reason of or as a result of Subcontractor's default." (Docket No. 106-3 at 6). Thus, Section 15 does not limit Defendants to recovering attorneys' fees only in connection with their motion for summary judgment, but rather allows recovery of all reasonable fees incurred because of Plaintiff's default. Nothing in the

- 22 -

Subcontract indicates this does not include time spent calculating and litigating attorneys' fees in connection with their successful summary judgment motion.

Accordingly, the Court recommends that Defendants be awarded fees and expenses in connection with the Motion, including an additional $4,581.00 relating to their reply.

## C. Costs

Defendants seek $16,366.11 in costs, which consists of $13,506.11 incurred by ASM and $2,860.00 incurred by AJS. (Motion ¶ 12; Callabresi Decl. ¶ 17).[22] Defendants aver that most of these costs include discovery-related expenses, such as travel to the parties being deposed, hotels, and court reporters for the transcripts of depositions. (Motion ¶ 47). ASM represented that any costs related to the Kirlin Counterclaim, defending the Kirlin expert being deposed, and deposing the Profex expert whose report allegedly raised issues with the Kirlin Counterclaim are excluded from the Motion. (*Id.*; Callabresi Decl. ¶ 18). Plaintiff argues that Defendants' costs should be lowered for the same reasons it suggests the hourly rates and fees should be reduced. *See supra* Section II.B. The Court rejects these assertions for the same reasons discussed above. *See id.* Plaintiff also maintains that Defendants' "retention of out-of-district attorneys resulted in redundant billing by local counsel and unnecessary travel costs," and that "Defendants should not recover any travel-related expenses that were incurred as a result of their decision to choose out-of-district attorneys." (Docket No. 123 at 15-16).

Defendants "[are] entitled to 'those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" *Polit v. Glob. Foods Int'l Corp.*, No. 14-CV-07360 (SN), 2017 WL 1373907, at *9 (S.D.N.Y. Apr. 13, 2017) (quoting *LeBlanc-Sternberg v.*

---

[22] This amount includes ASM's costs until October 31, 2025 and AJS' costs to October 29, 2025. (Motion ¶ 12).

*Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)).  The Court finds that the costs requested by Defendants, $16,366.11, are reasonable.

Moreover, the Court disagrees with Plaintiff that it was unreasonable for Defendants to choose out-of-district attorneys (ASM is a Washington DC-based law firm).  Although Plaintiff is a New York-based corporation, Defendant Kirlin is a Maryland limited liability company.  (Docket No. 1 ¶¶ 1, 5).  Thus, it was practical for Kirlin to retain a law firm with extensive construction and government contracts experience that is closer to its principal place of business.  Although "the Second Circuit has instructed that [the party paying attorneys' fees] should not be penalized for [the movant's] choice of out-of-district counsel," *Dzugas-Smith v. Southold Union Free Sch. Dist.*, No. 07-CV-3760 (JS)(ARL), 2010 WL 3852003, at *3 (E.D.N.Y. Sept. 27, 2010), the case cited by Plaintiff to support this argument is inapposite.  In *Congregation Rabbinical*, the court denied reimbursement for travel-related expenses because out-of-district counsel had a limited role in the pre-motion conference and plaintiffs did not demonstrate the necessity of their appearance. *Congregation Rabbinical College of Tartikov, Inc. v. Vill. of Pomona*, 188 F. Supp. 3d 333, 345-46 (S.D.N.Y. 2016).  In contrast, Mr. Callabresi – who Plaintiff asserts billed inappropriate travel-related expenses, was the Defense attorney most involved in this case and actively participated in the depositions he traveled to.  Further, ASM was "the primary firm responsible for case strategy and for reviewing discovery." *Id.*

Accordingly, the Court recommends that Defendants be awarded $16,366.11 in costs.

## III.  CONCLUSION

For the foregoing reasons, I respectfully recommend that Defendants' Motion be granted in part and denied in part, and that Defendants' counsel be awarded a total of $652,847.61, which

consists of \$631,900.50 in attorneys' fees, \$16,366.11 in costs, and an additional \$4,581.00 in attorneys' fees in connection with the reply.

## IV.  NOTICE

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file written objections. *See* Fed. R. Civ. P. 6(a) and (d) (rules for computing time).  A party may respond to another party's objections within fourteen (14) days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2).  Objections and responses to objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Nelson S. Román at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Requests for extensions of time to file objections must be made to the Honorable Nelson S. Román and not to the undersigned.  Failure to file timely objections to this Report and Recommendation will result in a waiver of objections and will preclude later appellate review of any order of judgment that will be rendered. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b), 6(d), 72(b); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008).

Dated: January 27, 2026
      White Plains, New York

                **RESPECTFULLY SUBMITTED:**

                *Judith C. McCarthy*
                JUDITH C. McCARTHY
                United States Magistrate Judge