USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/30/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA, f/u/b/o
PROFEX, INC. and PROFEX, INC

                       Plaintiff,

-against-

LIBERTY MUTUAL INSURANCE
COMPANY, et al.,

                       Defendants.

22 Civ. 15 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Profex, Inc. ("Plaintiff" or "Profex") commenced this action against Defendants Westchester Fire Insurance Company, Kirlin Builders, LLC ("Kirlin"), and Liberty Mutual Insurance Company (collectively, "Defendants"), asserting claims arising from a construction subcontract relating to renovation work at the United States Military Academy at West Point. By Opinion & Order dated October 10, 2025, the Court granted Defendants' motion for summary judgment dismissing Plaintiff's claims, denied Kirlin's motion for partial summary judgment on its counterclaim and third-party claims, and held that Defendants were entitled to recover reasonable attorneys' fees under the parties' Subcontract. (Opinion, ECF No. 117.) The Court referred the matter to Magistrate Judge ("MJ") Judith C. McCarthy for a determination as to the amount of such fees.

Now pending before the Court is Judge McCarthy's Report and Recommendation ( "R&R"), recommending that Defendants be awarded $652,847.61, "which consists of $631,900.50 in attorneys' fees, $16,366.11 in costs, and an additional $4,581.00 in attorneys' fees in connection with the reply." (R&R at 24-25, ECF No. 130.) Plaintiff filed objections. (Pltf. Objections, ECF No. 131.) Defendants opposed those objections. (Dfts. Reply, ECF No. 133.) For the following

1

reasons, the Court adopts the R&R in full.

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") *(quoting Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989).

To the extent a party makes specific objections to an R&R, those objections must be reviewed de novo. 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a de novo review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdish*, No. 04 CIV. 5061 (RJH), 2007 WL 187677, at *1 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent a party "makes only general and conclusory objections . . . or simply reiterates the original

2

arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04 CIV.5066 HB FM, 2008 WL 772568, at \*6 (S.D.N.Y. Mar. 25, 2008). The distinction turns on whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis,* No. 03 Civ. 1446, 2007 WL 152136, at \*2 (S.D.N.Y. Jan. 28, 2007) (citation omitted).

## **DISCUSSION**

Plaintiff raises four principal objections to the R&R: (1) the hours billed by Defendants' counsel were unreasonable; (2) Defendants should not recover fees incurred in connection with the fee application; (3) certain costs associated with out-of-district counsel should be denied; and (4) the total recommended award is excessive. (*See generally* ECF No. 131 at 3–8.)

At the outset, many of Plaintiff's objections mirror arguments previously raised in opposition to the fee motion. (Compare ECF No. 123 at 2–18, with ECF No. 131 at 3–8). Plaintiff again challenges Defendants' staffing levels, alleged block billing, the reasonableness of the hours expended, and the recoverability of certain categories of fees and costs. (*Id.*) To the extent Plaintiff simply renews arguments already considered by Judge McCarthy, review is for clear error. *See Harris*, 2008 WL 772568, at \*6. In any event, the objections fail even under *de novo* review.

### A. Reasonableness of the Hours Expended

Plaintiff first argues that Defendants billed too many hours, overstaffed the matter, and relied on vague or block-billed entries. (ECF No. 131 at 3–5.) The Court disagrees.

Judge McCarthy reviewed the billing records and concluded that "the number of hours billed is reasonable, particularly given the complexity and extensive discovery in this matter." (R&R at 20.) That finding is supported by the record. This case involved multimillion-dollar construction claims, years of hard-fought discovery, repeated disputes requiring court intervention, review of

3

approximately 13,500 documents, analysis of 191 proposed change orders, and extensive summary judgment motion practice. (*See* ECF Nos. 1, 52, 73, 74, 81, 86, 90, 91, 92, 117; ECF No. 130 at 17–20.) The Second Circuit has made clear that reductions are appropriate only for hours that are "excessive, redundant, or otherwise unnecessary." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). Plaintiff has not shown that to be the case here.

Judge McCarthy also reasonably found that a substantial portion of the fees incurred stemmed from Plaintiff's own discovery failures, including deficient productions and delays that required additional meet-and-confers, correspondence, and motion practice. (R&R at 18.) Fees incurred addressing those issues were reasonably expended. Nor does the Court find overstaffing. Although multiple timekeepers billed time, the work was concentrated among a small number of attorneys, with one senior partner and one lead associate handling most of the case. (*Id.* at 19.) In a case of this size, that staffing structure was not unreasonable.

Plaintiff's block-billing objection is likewise unpersuasive. Judge McCarthy found that counsel reviewed the invoices line-by-line, separated non-recoverable work, and submitted records detailed enough to permit review. (*Id.* at 18–20.) The Court sees no basis to disturb that conclusion.

### B. Fees Incurred Litigating the Fee Application

Plaintiff next argues that Defendants should not recover fees incurred preparing and defending the instant fee motion. (Pltf. Objections at 5–6.) That argument fails.

The Subcontract authorizes recovery of "all reasonable attorneys' fees" incurred as a result of Plaintiff's default and the resulting litigation. (R&R at 22; Opinion at 16.) The Court has already determined that Defendants are entitled to recover reasonable fees under that provision. (Opinion at 16–17.) Under New York law, where parties clearly agree to shift attorneys' fees, courts enforce that agreement according to its terms, so long as the fees sought are reasonable. *See Diamond D Enters.*

*USA, Inc. v. Steinsvaag*, 979 F.2d 14, 19–20 (2d Cir. 1992). Judge McCarthy therefore properly included reasonable fees associated with preparing the motion and reply papers. (R&R at 22–23.)

### C. Costs Associated with Out-of-District Counsel

Plaintiff also objects to costs tied to Defendants' Washington, D.C.-based counsel, including pro hac vice and travel-related expenses. (Pltf. Objections at 6–7.) The objection is unavailing.

Defendants were entitled to retain counsel of their choosing, particularly where counsel had an existing relationship with Kirlin and experience in construction and government-contract disputes. *See Polit v. Global Foods Int'l Corp.*, No. 14-CV-7360, 2017 WL 1373907, at *9 (S.D.N.Y. Apr. 13, 2017). Judge McCarthy further noted that Defendants had already paid substantial portions of the invoices submitted, indicating that an actual paying client was willing to bear those expenses. (R&R at 16.) That consideration bears directly on reasonableness. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008).

The challenged costs were of the type ordinarily charged to paying clients and reasonably incurred in litigating this matter. Plaintiff offers no persuasive basis to conclude otherwise.

### D. Total Recommended Award

Finally, Plaintiff argues that the recommended award of $652,847.61 is excessive. (Pltf. Objections at 7–8.) That argument lacks merit.

"District courts have broad discretion in determining whether attorneys' fees are reasonable." *Blue Citi, LLC v. 5Barz Int'l Inc.*, 338 F. Supp. 3d 326, 341 (S.D.N.Y. 2018), aff'd, 802 F. App'x 28 (2d Cir. 2020). The amount of the award cannot be viewed in isolation. This case was litigated for years, involved substantial monetary exposure, extensive discovery, repeated disputes requiring court intervention, and full summary judgment briefing. Defendants ultimately obtained complete dismissal of Plaintiff's claims.

Judge McCarthy did not simply accept Defendants' request as submitted. She examined the qualifications of each timekeeper, compared the requested rates to those awarded in this District, reduced certain rates, reviewed the hours billed, and made targeted adjustments where appropriate. (R&R at 4–24.) That is the required lodestar analysis. *See Arbor Hill*, 522 F.3d at 190. "[T]he degree of success obtained" is also a critical consideration in determining a reasonable fee. *See Barfield v. N.Y.C. Health & Hosp. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008). Here, Defendants prevailed entirely on Plaintiff's affirmative claims. That result strongly supports the recommended award.

## **CONCLUSION**

For the foregoing reasons, the Court adopts Judge McCarthy's Report and Recommendation in full and awards Defendants attorneys' fees and costs in the total amount of $652,847.61, consisting of $631,900.50 in attorneys' fees, $16,366.11 in costs, and an additional $4,581.00 in attorneys' fees incurred in connection with the reply submission. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 118.

Dated: April 30, 2026
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge